UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARY LEE PICKETT,

    Plaintiff,

vs.                                                        CASE NO. 3:06-cv-190-J-32TEM

MICHAEL J. ASTURE,[1]
Commissioner of
Social Security,

    Defendant.
_____

**REPORT AND RECOMMENDATION[2]**

**I. Background**

This case is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint for failure to effect proper service of process under Federal Rule of Civil Procedure 4(m). (Doc. #12). On February 28, 2006, Plaintiff Mary Lee Picket filed a complaint against Defendant, the Commissioner of Social Security (Doc. #1). Counsel for Plaintiff filed a motion to proceed *in forma pauperis* along with the complaint (Doc. #2), which was granted the following day, March 2, 2006 (Doc. #4).

In accordance with Fed. R. Civ. P. 4(m), a plaintiff is allotted 120 days after filing a complaint to serve the defendant with a copy of the summons and complaint. When serving the United States, its officers or agencies, proper service of process is effectuated

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25, Federal Rules of Civil Procedure, Michael J. Astrue is substituted as Defendant herein.

[2]Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(a), 6(a) and (e); Local Rule 6.02(a), United States District Court for the Middle District of Florida.

by delivering a copy of the summons and complaint to: (1) the U.S. Attorney or Assistant U.S. Attorney for the district in which the action is brought; (2) the Attorney General of the United States in Washington D.C.; and (3) to the officer or agency being sued (all three must be served). Fed. R. Civ. P. 4(i)(1)(A), (B), (C).

When Plaintiff's counsel filed the complaint, she only served copies of the summons and complaint to the U.S. Attorney and the Assistant U.S. Attorney for the Middle District of Florida. (*See* Certificate of Service, Doc. #1, p. 5). Plaintiff's counsel never discovered this oversight and subsequently failed to meet the 120 day deadline to perfect service of process upon Defendant.

On October 10, 2006, Plaintiff was ordered to show cause as to why the case should not be dismissed for failure to prosecute. (Doc. #6). In Plaintiff's Response to the Show Cause Order, Plaintiff's counsel admitted "negligence" and "inexcusable error" for her failure to perfect service of process and requested that the Court allow her time to perfect service. (Doc. # 7). On October 24, 2006, the Court granted Plaintiff's request for an extension of time and Plaintiff was given until November 20, 2006 ( 27 days) to perfect service of process upon the Defendant. (Doc. # 8).

Shortly after being granted the aforementioned extension, Plaintiff's counsel submitted three 285 forms and copies of the summons and the complaint to the Clerk's Office requesting that the U.S. Attorney, the Attorney General, and the Commissioner of Social Security be served in the instant case. (*See* Exhibits A-1 through A-8, Doc. #13). Plaintiff's counsel was informed by the Clerk's Office that the aforementioned materials would be forwarded to the U.S. Marshals Service for service of process upon Defendant.

Although Plaintiff's counsel mailed copies of the summons and complaint to the

Clerk's Office, on October 27, 2006, she neither followed up with the U.S. Marshals Service to confirm receipt of the summons and complaint, nor did she attempt to ensure that said documents were timely served upon Defendant. It was not until receipt of Defendant's motion to dismiss for failure to timely serve (filed February 8, 2007) that Plaintiff's counsel contacted the U.S. Marshals Service to inquire about the status of service. *See* Plaintiff's Response to Motion to Dismiss, Doc. # 13, Paragraphs 7 & 8. Moreover, Plaintiff's counsel never submitted any instructions to the Clerk's Office or Marshals Service concerning the time requirement she was under to effectuate service of process upon Defendant.

Consequentially, service of process upon the U.S. Attorney, the Attorney General, and the Commissioner of Social Security was not complete as to all three entities until December 18, 2006 ( 28 days after the November 20, 2006 extension deadline). Due to this delay, Defendant moves for this Court, pursuant to Fed. R. Civ. P. 4(m), to dismiss Plaintiff's complaint for failure to effect service of process on Defendant within 120 days after the filing of the complaint and for failure to demonstrate good cause for not timely serving the complaint during the period of extension granted by the Court. (Doc. #12, pp.1, 4).

## II. Applicable Law and Analysis

Service of process is a jurisdictional requirement and a court lacks jurisdiction over a defendant when that defendant has not been served. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Rule 4(m) of the Federal Rules of Civil Procedure, *Time Limit for Service*, states:

> If service of the summons and complaint is not made upon a
> defendant within 120 days after the filing of the complaint, the

>court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action *without prejudice* as to that defendant or direct that service be effected within a specific time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (*emphasis added*).

Under Rule 4(m), good cause exists only if an outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service of process. *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). The Advisory Committee's Notes on Rule 4 state that an instance where good cause may be shown for failure to timely serve is when there are multiple service requirements in actions against the United States, its officers or agencies. Advisory Committee Notes on Rule 4(m).

The court in *Lepone-Dempsey*, states that even in the absence of good cause, a district court has discretion to extend time for service of process. *Id.* Furthermore, the Advisory Committee's Notes on Rule 4 "authorizes the court to relieve a plaintiff of the consequences of an application of this subsection [ *i.e.* a Rule 4(m) dismissal ] even if there is no good cause shown...if the applicable statute of limitations would bar the refiled action." *Anderson v. Osh Kosh*, No. 05-13921, 2006 LEXIS 9155, *8 (11th Cir. 2006) (*quoting* Advisory Committee's Notes on Rule 4).

In the instant case, even if Plaintiff's case were dismissed without prejudice, if Plaintiff attempted to refile her claim, it would be completely time-barred by the statute of limitations governing appeals from decisions of the Commissioner of Social Security. Such appeals must be made within sixty (60) days from the decision of the Administrative

Law Judge.  42 U.S.C. Section 405(g).  Here, although Plaintiff's counsel was negligent by failing to follow the Federal Rules of Civil Procedure and effectuate timely service of process upon Defendant, under the circumstances of this case, Plaintiff would lose her claim entirely if this Court were to dismiss this action due to her counsel's negligence.

Defendant relies on *Anderson v. Osh Kosh*, *supra*, in support of its motion to dismiss.  *Anderson*, however, is distinguishable from the instant case for several reasons.  First, the plaintiff in *Anderson* was pursuing an employment discrimination claim under Title VII of the Civil Rights Act of 1964.  This type of claim would have had an applicable statute of limitations of two years.  Thus, the *Anderson* court's dismissal without prejudice did not completely bar the plaintiff's claim in that case.  Second, the court in *Anderson* did not give the plaintiff in that case any leeway concerning the time requirements for service of process because she failed to respond to the court's order to show cause, failed to request additional time to perfect service of process, and failed to object to the report and recommendation by the magistrate judge recommending dismissal.  *See Anderson*, No. 05-13921, 2006 LEXIS 9155, *2, 9.

Under the facts at bar, Plaintiff's counsel did respond to the Court's order to show cause and, in that response, requested additional time to perfect service of process.  Plaintiff's counsel then quickly mailed process documents to the Clerk's Office for service after being granted an extension by the Court.  Although, Plaintiff's counsel was negligent by not giving instructions to the Clerk's Office or Marshals Service concerning the fact that she had only 27 days to perfect service and by not contacting the Marshals Service to ensure said process was timely delivered, the record does reflect efforts on the part of Plaintiff's counsel  to have proper service delivered upon Defendant.

The *Lepone-Dempsey* court directed that:

> When a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to *Rule 4(m)*, the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case. Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time.

476 F.3d 1277 at 1282.

Here, Plaintiff's initial failure to serve Defendant was based upon her counsel's confusion over the multiple service requirements when proceeding against the United States. Although Plaintiff's counsel's confusion concerning the Federal Rules of Civil Procedure is no excuse for failing to comply with the service requirements under Rule 4, it is this Court's opinion that this failure does not warrant a *de facto* dismissal with prejudice against Plaintiff.

**III. Recommendation**

In reviewing Defendant's Motion to Dismiss for Plaintiff's noncompliance with Fed. R. Civ P. 4(m). On the facts particular to this case, it is this Court's recommendation that the Motion be **DENIED** for the aforementioned reasons. Although negligence on the part of Plaintiff's counsel has interfered with the judicial process and in some sense is inexcusable, this Court finds that dismissal of Plaintiff's action without prejudice would result in a *de facto* dismissal with prejudice since refiling the action would be time-barred due to the applicable sixty (60) day statute of limitations governing appeals from decisions of the Social Security Administration under 42 U.S.C. Section 405(g). Pursuant to Rule 4(m), this Court recommends that the district court on its own initiative grant Plaintiff an

enlargement of time *nunc pro tunc* to December 18, 2006 to effect service of the complaint, which is the date service of process was perfected as to the U.S. Attorney, the Attorney General, and the Commissioner of Social Security.  *See* Fed. R. Civ. P. 4(m).

**DONE AND ENTERED** at Jacksonville, Florida this 14th day of August, 2007.

Copies to:
Counsel of Record
*Pro Se* Parties (if any)

*/s/ Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge